**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7619

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS JAMES QUEEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:93-cr-00366-WMN)

Submitted: May 11, 2007                 Decided: July 10, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nicholas James Queen, Appellant Pro Se.  Christine Manuelian, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas James Queen seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motions. In the first motion, Queen sought relief from an underlying criminal judgment. In the second motion, Queen complained that the district court had treated a postconviction motion that Queen brought pursuant to 28 U.S.C. § 2255 as having been brought pursuant to 28 U.S.C. § 2254. In both Rule 60(b) motions, Queen directly attacked his conviction. Therefore, under United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), the district court was without jurisdiction to consider the Rule 60(b) motions, which were, in essence, successive and unauthorized § 2255 motions.

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have

- 2 -

independently reviewed the record and conclude that Queen has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Queen's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. <u>Winestock</u>, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Queen's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 3 -